UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICHELE SMITH WALKER dba Hole Shotz Bar & Grill; SEAN AND MICHELE ENTERPRISE LLC; and RICHARD PICKENS STEWART,<br><br>Defendants. | Case No. 4:26-cv-1794<br>Jury Trial Demanded |

**COMPLAINT**

Plaintiff Mount Vernon Fire Insurance Company, pursuant to 28 U.S.C. § 2201(a) and Federal Rules of Civil Procedure 8(a) and 57, for its complaint against Defendants Michele Smith Walker dba Hole Shotz Bar & Grill, Sean and Michele Enterprise LLC, and Richard Pickens Stewart alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Mount Vernon is an insurance company and a Nebraska corporation with its principal place of business in Pennsylvania.

2. Upon information and belief, Michele Smith Walker dba Hole Shotz Bar & Grill is a resident and citizen of Missouri.

3. Sean and Michele Enterprise LLC is a Missouri limited liability company, organized on May 4, 2018. Upon information and belief, Michele Smith Walker and Sean Terrell Walker are the only members of Sean and Michele Enterprise LLC and residents and citizens of the State of Missouri.

4. Upon information and belief, Richard Pickens Stewart is a resident and citizen of the State of Missouri.

5. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists between Mount Vernon and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Mount Vernon's claims for relief occurred in this district.

## II. GENERAL ALLEGATIONS

### A. Mount Vernon's Policy Issued to Michele Smith Walker dba Hole Shotz Bar & Grill

7. Mount Vernon issued Commercial Insurance Policy No. CP 2625308 to named insured Michele Smith Walker dba Hole Shotz Bar & Grill for the policy period 01/15/2019 to 01/15/2020 ("Policy"). A true and correct copy of the Policy, with the premium amounts and other confidential information redacted, is attached as Exhibit A.

8. Michele Smith Walker dba Hole Shotz Bar & Grill is designated in the Declarations as an individual. (Exhibit A, page 1.)

9. The Policy includes commercial general liability coverage and liquor liability coverage. (Exhibit A, page 1.)

10. The "bodily injury" and "property damage" liability Insuring Agreement in the commercial general liability coverage part states, in relevant part:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this

insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; . . .

(Exhibit A, page 24.)

11. Section II – Who Is An Insured of the commercial general liability coverage part states, in relevant part:

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

. . . .

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

(Exhibit A, pages 32-33.)

12. Section V – Definitions of the commercial general liability coverage part states, in relevant part:

**3.** "Bodily injury" means [*as amended by Expanded Definition Of Bodily Injury endorsement*]:

a. bodily injury,

b. sickness,

c. disease; or

d. mental anguish or emotional distress arising out of a., b., or c., above,
sustained by a person, including death resulting from any of these at any time.

. . . .

**4.** "Coverage territory" means:

**a.** The United States of America (including its territories and possessions) . . .

. . . .

> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> . . . .
>
> **18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. . . .

(Exhibit A, pages 21, 35-38.)

13. The Absolute Firearms Exclusion endorsement to the commercial general liability coverage part excludes coverage for any "occurrence," claim, or "suit" arising or resulting from directly, or indirectly, the use of firearms of any kind:

**Absolute Firearms Exclusion**

> The policy does not insure against loss or expense, including cost of defense, for any "occurrence", claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or medical payments arising or resulting from directly, or indirectly, the use of firearms of any kind.
>
> This exclusion applies to any "occurrence", claim or "suit" regardless of whether the use of firearms is a direct cause, a contributing cause or a concurrent cause of any loss.
>
> All other terms and conditions of this policy remain unchanged. . . .

(Exhibit A, page 46.)

14. The Assault Or Battery Exclusion endorsement to the commercial general liability coverage part excludes coverage for any claim, demand, or "suit" based upon any actual or alleged "assault" or "battery" or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery":

**Assault Or Battery Exclusion**

> This insurance does not apply to:
>
> Any claim, demand or "suit" based upon any actual or alleged "assault" or "battery", or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery", including the use of reasonable force to protect persons or property, whether caused by or at the instigation or direction of an insured, its "employees", agents, officers or directors, patrons or

any other person. Further, no coverage is provided for any claim, demand or "suit" in which the underlying operative facts constitute "assault" or "battery".

This exclusion applies to all "bodily injury", "property damage" or "personal and advertising injury" sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by negligence or other wrongdoing with respect to:

a. hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible; or
b. investigation or reporting any "assault" or "battery" to the proper authorities; or
c. the failure to so report or the failure to protect any person while that person was in the care, custody or control of the insured, its "employees", agents, officers or directors; or
d. any acts or omissions of any insured, its "employees", agents, officers, directors, patrons or other persons resulting from any "assault" or [" ]battery" and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any "bodily injury", "property damage", or "personal and advertising injury" to any person.

This exclusion supersedes any provision in the attached policy that provides coverage for "bodily injury" arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the use of reasonable force to protect person(s) or property.

"Assault" means the threat of, or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature.
"Battery" means negligent or intentional physical contact with another without consent that results in physical or emotional injury.

All other terms and conditions of this policy remain unchanged. . . .

(Exhibit A, page 47.)

15. The Insuring Agreement in the liquor liability coverage part states, in relevant part:

**SECTION I – LIQUOR LIABILITY COVERAGE**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to

defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. . . .

**b.** [*as amended by Limitation Of Coverage To Insured Premises endorsement*] This insurance applies to "injury" only if:

**(1)** The "injury" occurs during the policy period in the "coverage territory" and the "injury" is a direct result of the selling, serving or furnishing of any alcoholic beverage at the "insured premises"; . . .

(Exhibit A, pages 112, 127.)

16. Section II – Who Is An Insured of the liquor liability coverage part states, in relevant part:

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

**a.** An individual, you and your spouse are insureds.

. . . .

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

(Exhibit A, pages 113-114.)

17. Section V – Definitions of the liquor liability coverage part states, in relevant part:

**1.** "Bodily injury" means [*as amended by Expanded Definition Of Bodily Injury endorsement*]:

a. bodily injury,
b. sickness,
c. disease; or
d. mental anguish or emotional distress arising out of a., b., or c., above,

sustained by a person, including death resulting from any of these at any time.

. . . .

**2.** "Coverage territory" means:

**a.** The United States of America (including its territories and possessions) . . .

. . . .

**5.** "Injury" means damages because of "bodily injury" and "property damage", including damages for care, loss of services or loss of support.

. . . .

> **8.** “Suit” means a civil proceeding in which damages because of “injury” to which this insurance applies are alleged. . . .
>
> . . . .
>
> [*as amended by Limitation Of Coverage To Insured Premises endorsement*] “Insured Premises” means the premises shown in the Declarations.

(Exhibit A, pages 21, 116, 127.)

18. The “Assault” Or “Battery” Sublimit endorsement to the liquor liability coverage part states:

> It is agreed:
>
> SECTION III – LIMITS OF INSURANCE is amended with the addition of the following:
> Regardless of the number of insured’s [sic]; claims made or “suits” brought; or persons or organizations making claims or bringing “suits” for “assault” or “battery”:
> a. The limits of insurance shown in the above Schedule are the most we will pay for the sum of all:
> (1) “Injury” arising out of or resulting, directly or indirectly, from any “assault” or “battery” covered by this insurance; or
> (2) Acts or omissions of any insured, its employees, agents, officers, directors, patrons or other persons resulting from any “assault” or [“]battery” and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any “Injury” to any person.
> b. The limits shown in the Schedule shall be part of, and not in addition to the Liquor Each Common Cause Limit and Liquor Aggregate Limit shown in the Declarations.
>
> The limit of insurance shown in the above Schedule as aggregate is the most we will pay for all damages arising from or resulting, directly or indirectly from “Assault” or “Battery” under the **LIQUOR LIABILITY COVERAGE FORM**.
>
> For the purposes of this endorsement, the following definitions shall apply:
> “Assault” means the threat or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature.
> “Battery” means negligent or intentional wrongful physical contact with another without consent that results in physical or emotional injury.
>
> All other terms and conditions of this policy remain unchanged. . . .

(Exhibit A, page 128.)

19. The Absolute Firearms Exclusion endorsement to the liquor liability coverage part excludes coverage for any "injury," claim, or "suit" arising or resulting from directly, or indirectly, the use of firearms of any kind:

**ABSOLUTE FIREARMS EXCLUSION**

> This insurance does not apply to "injury", including cost of defense, for any claim or "suit" arising or resulting from directly, or indirectly, the use of firearms of any kind.
>
> This exclusion applies to any "injury", claim or "suit" regardless of whether the use of firearms is a direct cause, a contributing cause or a concurrent cause of any loss.
>
> All other terms and conditions of this policy remain unchanged. . . .

(Exhibit A, page 129.)

**B. Underlying Suit**

20. On October 12, 2019, Stewart was shot in the parking lot of a strip mall in St. Louis County, Missouri where Holeshotz Bar and Grill was located.

21. On July 7, 2023, Stewart filed a petition against Sean and Michele Enterprise LLC, Flo. Dry Incorporated, and Ma Vaishno, LLC in the St. Louis County, Missouri Circuit Court, Case No. 23SL-CC02792 ("Underlying Suit"). A true and correct copy of Stewart's petition filed in the Underlying Suit on July 7, 2023 is attached as Exhibit B.

22. In the petition, Stewart alleged that on October 12, 2019, he was an invitee of the defendants and "another invitee of the defendants assaulted [him] on the parking lot of the strip mall" where the convenience store "commonly known as Florissant Dairy" and the bar "commonly known as Holeshotz Bar and Grill" were located. (Exhibit B, ¶¶ 8-12.)

23. In the petition, Stewart alleged that on October 12, 2019, Sean and Michele Enterprise LLC owned and/or operated Holeshotz Bar and Grill, Flo. Dry Incorporated owned and/or operated Florissant Dairy, and Ma Vaishno, LLC owned the strip mall. (Exhibit B, ¶¶ 8-10.)

24. In the petition, Stewart alleged that Sean and Michele Enterprise LLC, Flo. Dry Incorporated, and Ma Vaishno, LLC were negligent and "directly and proximately caused or contributed to the assault and battery" on October 12, 2019 by failing to: (1) "provide an adequately trained security guard force to patrol their premises"; (2) "have a comprehensive security analysis performed by competent security professionals . . . to discover security needs and inadequacies and to correct them"; (3) "alert their employees to dangers such as those alleged in this Petition and to provide them with adequate security training"; (4) "provide Plaintiff with any warning or notice about the danger of such an attack or the absence of adequate security precautions"; (5) "make reasonable use of information concerning the incidence and prevalence of crime on their premises that they knew or should have known of and to revise and improve their security system accordingly"; (6) "provide adequate supervision of the activities taking place on their premises"; (7) "reasonably anticipate a criminal attack of this type and to take appropriate actions to prevent the attack"; (8) "take any steps whatsoever to deter the assault of Plaintiff"; (9) "provide security guards on their premises at the time of the incident"; and (10) "intervene against the assaulter of Plaintiff." (Exhibit B, ¶ 18.)

25. In the petition, Stewart further alleged that "[t]he actions of the Defendants were outrageous and based on an evil motive or reckless indifference to the Plaintiff' [sic] rights and justifies an award of punitive damages." (Exhibit B, ¶ 31.)

26. On January 8, 2024, Mount Vernon sent a letter to Michele Smith Walker dba Hole Shotz Bar & Grill, explaining that the Policy does not afford coverage for the Underlying Suit even if Sean and Michele Enterprise LLC could be considered to be an insured, in part, because: (1) the Assault Or Battery Exclusion and Absolute Firearms Exclusion bar coverage under the commercial general liability coverage part; and (2) the requirement of the Insuring Agreement in the liquor

liability coverage part that the “injury” be a direct result of the selling, serving or furnishing of any alcoholic beverage at the “insured premises” is not satisfied, and even if this requirement were satisfied, the Absolute Firearms Exclusion would bar coverage under the liquor liability coverage part.

27. On January 22, 2024, Mount Vernon closed its file due to the lack of any further communications regarding the Underlying Suit.

28. On August 7, 2026, Stewart and Sean and Michele Enterprise LLC filed a joint notice of settlement and motion to continue trial in the Underlying Suit. A true and correct copy of the joint notice of settlement and motion to continue trial filed in the Underlying Suit on August 7, 2026 is attached as Exhibit C.

29. In the joint notice of settlement and motion to continue trial, Stewart and Sean and Michele Enterprise LLC stated, in part: (1) “Plaintiff, Richard Pickens Stewart, and Defendant Sean and Michele Enterprise, LLC, have reached a settlement agreement under Section 537.065 R.S.Mo.”; (2) “pursuant to 537.065 R.S.Mo., the parties must notify the insurer of Defendant of the settlement agreement, upon which such insurer has 30 days to respond”; (3) “Section 537.065 R.S.Mo. specifies ‘No judgment shall be entered against any tort-feasor after such tort-feasor has entered into a contract under this section for at least thirty days after the insurer or insurers have received written notice as provided in subsection 2 of this section’”; and (4) “Plaintiff will seek leave to amend his petition to add Michele Smith Walker, d/b/a Hole Shotz Bar & Grill as a party to the lawsuit as she is a named policy holder to the relevant insurance policy, and is a necessary and indispensable party to the litigation.” (Exhibit C, ¶¶ 2-4, 6.)

30. On October 6, 2026, Stewart filed an amended petition in the Underlying Suit, which added Michele Smith Walker dba Hole Shotz Bar & Grill as a defendant. A true and correct

copy of Stewart's amended petition filed in the Underlying Suit on October 6, 2026 is attached as Exhibit D.

31. In the amended petition, Stewart alleged that on October 12, 2019, Sean and Michele Enterprise LLC and Michele Smith Walker owned and/or operated Holeshotz Bar and Grill. (Exhibit D, ¶ 8.)

32. Stewart's allegations of negligence and damages in the amended petition are the same as those in his petition. (Exhibit B, ¶¶ 15-31; Exhibit D, ¶¶ 14-30.)

## III. CLAIMS FOR RELIEF

### Count I
### Declaratory Relief – Commercial General Liability Coverage Part

33. Mount Vernon incorporates and realleges paragraphs 1 through 32 as if fully set forth herein.

34. The Absolute Firearms Exclusion endorsement to the commercial general liability coverage part excludes coverage for any "occurrence," claim, or "suit" arising or resulting from directly, or indirectly, the use of firearms of any kind. (Exhibit A, page 46.)

35. The Assault Or Battery Exclusion endorsement to the commercial general liability coverage part excludes coverage for any claim, demand, or "suit" based upon any actual or alleged "assault" or "battery" or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery". (Exhibit A, page 47.)

36. The Underlying Suit is outside the coverage afforded by the Policy's commercial general liability coverage part because Stewart's negligence claim arises out of the use of a firearm and the alleged failure to prevent an "assault" and a "battery."

37. The amounts sought by Stewart in the Underlying Suit include punitive damages, which are not insurable under the Policy as contrary to public policy.

38. An actual controversy exists between Mount Vernon and Defendants regarding whether the Policy's commercial general liability coverage part affords coverage for the Underlying Suit.

39. Because the Underlying Suit is outside the coverage afforded by the Policy's commercial general liability coverage part, Mount Vernon is entitled to a declaratory judgment in its favor, pursuant to 28 U.S.C. § 2201(a), declaring that the Policy's commercial general liability coverage part does not afford coverage for the Underlying Suit, and Mount Vernon has no duty to defend or indemnify Sean and Michele Enterprise LLC, even if it could be considered to be an insured, or Michele Smith Walker dba Hole Shotz Bar & Grill with respect to the Underlying Suit.

**Count II**
**Declaratory Relief – Liquor Liability Coverage Part**

40. Mount Vernon incorporates and realleges paragraphs 1 through 39 as if fully set forth herein.

41. The Insuring Agreement in the liquor liability coverage part requires, in part, that "injury" be a direct result of the selling, serving or furnishing of any alcoholic beverage at the "insured premises." (Exhibit A, pages 112, 127.)

42. The Absolute Firearms Exclusion endorsement to the liquor liability coverage part excludes coverage for any "injury," claim, or "suit" arising or resulting from directly, or indirectly, the use of firearms of any kind. (Exhibit A, page 129.)

43. The Underlying Suit is outside the coverage afforded by the Policy's liquor liability coverage part because Stewart's "injury" was not a direct result of the selling, serving or furnishing of any alcoholic beverage at the "insured premises" and, even if his "injury" were a direct result of the selling, serving or furnishing of any alcoholic beverage at the "insured premises," coverage

would be barred by the Absolute Firearms Exclusion because Stewart's negligence claim arises out of the use of a firearm.

44. The amounts sought by Stewart in the Underlying Suit include punitive damages, which are not insurable under the Policy as contrary to public policy.

45. An actual controversy exists between Mount Vernon and Defendants regarding whether the Policy's liquor liability coverage part affords coverage for the Underlying Suit.

46. Because the Underlying Suit is outside the coverage afforded by the Policy's liquor liability coverage part, Mount Vernon is entitled to a declaratory judgment in its favor, pursuant to 28 U.S.C. § 2201(a), declaring that the Policy's liquor liability coverage part does not afford coverage for the Underlying Suit, and Mount Vernon has no duty to defend or indemnify Sean and Michele Enterprise LLC, even if it could be considered to be an insured, or Michele Smith Walker dba Hole Shotz Bar & Grill with respect to the Underlying Suit.

WHEREFORE, Mount Vernon prays that judgment be entered in its favor as follows:

1. Declaring that the Policy's commercial general liability coverage part does not afford coverage for the Underlying Suit, and Mount Vernon has no duty to defend or indemnify Sean and Michele Enterprise LLC, even if it could be considered to be an insured, or Michele Smith Walker dba Hole Shotz Bar & Grill with respect to the Underlying Suit;

2. Declaring that the Policy's liquor liability coverage part does not afford coverage for the Underlying Suit, and Mount Vernon has no duty to defend or indemnify Sean and Michele Enterprise LLC, even if it could be considered to be an insured, or Michele Smith Walker dba Hole Shotz Bar & Grill with respect to the Underlying Suit; and

3. Awarding Mount Vernon such additional relief as shall be deemed appropriate in the circumstances, together with its costs and expenses.

**DEMAND FOR JURY TRIAL**

Mount Vernon demands a jury trial on all issues triable of right by a jury.

Dated this 19th day of October, 2026.

Respectfully Submitted,

BAKER STERCHI COWDEN & RICE LLC

*/s/ Scott D. Hofer*
Scott D. Hofer, Federal Bar No. 44587MO
Angela Probasco, Federal Bar No. 68611MO
2400 Pershing Road, Suite 500
Kansas City, MO 64108
816-471-2121
shofer@bakersterchi.com
aprobasco@bakersterchi.com

*Attorneys for Plaintiff Mount Vernon Fire Insurance Company*